Our next case for argument this morning is United States v. A Lot of Money Good morning, Your Honors. My name is David Mi... Wait until both counsel manage to find seats at the table. All respect to my adversary, Dan... Mr. Michael. Good morning, Your Honors. My name is David Michael. I'm the attorney for the claimants of this case, John Valadez and Tracy Brown, in this civil asset forfeiture action pursuant to CAFRA, the Civil Asset Forfeiture Reform Act of 2000 under 18 U.S.C. 983. And to get right to it, it appears to me that this is all about Article III standing. That's what we're really debating here, although the government may have a little bit different perspective. It is awfully hard, despite the use in Rule G, to see that this has anything to do with Article III. Your client claims money. That claim can be satisfied by an order to pay the money to him. So Article III is satisfied. The question is whether, at least as I think, the question is whether your client has demonstrated a claim, a plausible claim of ownership. Since we know from Supreme Court decisions like Twombly that plausibility is part of any pleading standard. And it seems to me that that's what District Judge Zagel said, that your client had not made out a plausible claim of ownership. Well, Your Honor, I don't know where that phrase comes from, but... Your Honor, this case is at the initial stage of litigation. There is no merit determination that has taken place. Have you read Twombly? I have not. Twombly deals with the contents of complaints. That is the initial stage of litigation. It says that a not plausible complaint is properly dismissed for lack of plausibility. Now, some people think that's good, some people think that's bad, but it's the Supreme Court's rule. And it's hard to see why Rule G would be treated differently. Your Honor, just interpreting Twombly in the context of forfeiture cases, the issue has to do with standing. That's what the issue is before this Court. Now, whether or not you couch it in the words plausible or not, in fact, the courts have set out what the rules are for establishing Article III standing, which has been around over 200 years in forfeiture cases. And there's very little that you have to do to establish Article III standing. Article III standing really is, let me in the courthouse. That's what the claimants are trying to say. Let us in the courthouse to litigate the merits of this particular case. And the courts have consistently, ever since the CAFRA Reform Act was made into law in the year 2000, have set out what the standards are to establish Article III standing so that my clients could enter the court. Judge Zagel made a determination that my clients lacked Article III standing. That's what his determination was about. No matter in what context the matter is litigated, whether it's a motion to strike for claims or a motion for summary judgment, which is what the government did in this case, it's all about whether or not they had a right to go to the courthouse. You are aware, counsel, that this Court has said that the use of the word standing in Rule G is a misnomer, and that this has to do with the merits rather than Article III. I'm familiar with that, Your Honor. We're not going to change our mind now. Having said that that's a misnomer, that's where we are. So we need to deal with the adequacy of pleadings on the merits. Actually, Your Honor, I appeared in that case in which Judge Posner issued that decision in U.S. v. $509,000 or $74,000. And the issue is not, this is not a merits determination. And regardless of what Judge Posner may have said in that case or whether he said it as dicta, this is a determination of Article III standing. That is the issue in this Court. There is no merits determination that we've even gotten to in this case. There's no merits to this case. The government has moved to strike my client's claims on the grounds that they lack Article III standing. That's what it's all about. And that's what Judge Zagel ruled. And I think that regardless of what context you use it in or what format it's litigated in, that you cannot make credibility determinations when you're determining Article III standing to litigate a case. And that's where Judge Zagel went wrong. He made factual determinations, and you can't do that. As a matter of fact, this Court in U.S. v. $100,120 decided in 2013, said that to reject testimony because it's unsubstantiated and self-serving is to weigh the strength of evidence and make credibility determinations. That task belongs to a jury, which is the trier of facts. Counsel, I think you're just completely confused about what's going on here. This case was dismissed on the pleadings. The adequacy of pleadings has nothing to do with factual proof. That's why I brought up Twombly. You can't say no case can be dismissed on the pleadings because we need somebody to try the facts. Many cases are dismissed on the pleadings. Pleadings have to be plausible. That's what Twombly holds. So does Iqbal. That seems to me where we are now. Your Honor, there are two issues of establishing standing. There's constitutional standing and there's statutory standing. No, there is not statutory standing. The Supreme Court last year said that any reference to statutory standing is a misnomer, and it deals with the merits of the case. Contrary decisions in the Court of Appeals were expressly disapproved by the Supreme Court of the United States. We can't go there. Your Honor, the only pleading that you have before the court is my client's claims and answer. That's the pleadings you have before this court. Your client was in possession of the money, correct? Correct, Your Honor. It was taken from him. It was. He says he owns it. He did. He's never disputed it. And then the question is whether the government can prove that that was illegitimate, subject to forfeiture, correct? If you go to a merits determination, correct. That's the burden on the government. When one gets to the merits, I thought the issue here was whether the, quote, legitimacy or merits can be decided on the pleadings or at the standing stage of the case. It is not, and I think that all the forfeiture cases stand for that proposition. This is a matter of moving to strike their claims and for summary judgment on the grounds that our clients have not established Article III standing. That is the proceeding under which Judge Zagel made his ruling. And what we feel an error on part of Judge Zagel is he made credibility determinations, which are really determinations that are being made by a jury. This is not a determination just on the pleadings, all due respect to the court. This is a special area of forfeiture law, which is completely distinct in terms of how you establish standing in this context. And there's a whole plethora of litigation and cases that have decided that. And even this court in Tuthill Road and in the $574,000 case that you referred to, said that the burden to establish Article III standing is very slight. It's very undemanding. All you have to do is have an ownership claim, and then property has to be taken from your possession. It has to be taken from the government, like Judge Posner said. The government took it, and you claim it, and it's yours. Counsel, it doesn't matter who writes decisions of this court. They speak for the court. Of course. Ad hominem arguments are not satisfactory. Well, I wasn't trying to imply that, Your Honor, but in any event. Then why did you bring up a name? Well, I apologize to the court for bringing up a name, but that was the decision. So the issue is whether or not Judge Zagel improperly made credibility determinations at the evidentiary hearing where my client established that he owned the property, the property was his, he never denied it, he knew how much money was in the briefcase, that he had a business called Cyber Buzz, he's had that business for 15 years, he's been married to Tracy Brown for 10 years, he was going to California to buy computer equipment, he identified the people that he was going to do relationships with when he did the business, that he was going to fly back, and that the ticket, which the agents found suspicious because it was bought by a third person, was actually bought by his father-in-law, George Brown, who was Tracy Brown's father, because of some particular points that you get when you use a credit card to buy a ticket. Everything he explained at the evidentiary hearing is completely plausible, completely believable, completely establishes the fact that he is claiming an ownership interest, the property was seized from his possession, and his explanation for the possession... Mr. Michael, we don't have to agree with your client on the merits to reverse it in this case, though, do we? I thought your argument here was that all we needed to decide was that the question of the legitimacy of Mr. Valdez's ownership is to be decided at a later stage of the case, perhaps with a different decision-maker. That's correct. I just have my over-concerns because of how Judge Zagel ruled and why we are challenging that particular ruling. I agree that this is at the pleading stage, and I agree that my client has satisfied Article III standing, and he has a right to go to the merits stage. He has a right to go to the merits stage of this case, and he was denied that right. And I'll reserve the rest of my time. Certainly, Mr. Michael. Mr. May. Now just put it on the table. May it please the court, counsel. Counsel made the representation that all he has to prove here is Article III standing to get into the door. The claimants in this case got into the door. They filed, within a month of filing their claim, a motion to suppress and an outdated motion for a determination of probable cause. Mr. May, my principal question for you is why it is not sufficient that the cash was seized from Mr. Valdez. He says, I was carrying this money when the government took it away from me, and I'm its owner. Does one need to say anything more than that to make a plausible claim of ownership? The claim of ownership, Judge, under the rule G-8 and the cases under that rule provide for the government to test the validity of the claim of ownership. And that's what exactly happened in this case. That sounds like something beyond the pleadings. That sounds like something like summary judgment. Under rule G-8, Judge, it specifically says that the government is entitled to move to strike the claim by evidentiary hearing, motion for summary judgment, or judgment on the pleadings. And it is the burden of the claimant, not the government, by a preponderance of the evidence to establish the plausibility of the claim and the legitimacy of the claim. Stop right there. Where does legitimacy come in there? You've told us that our cases require claimants to prove legitimate ownership in order to establish standing. That seems to just flatly turn on its head the central reform of the legislation in 2000, 983C1, which puts the burden of proof on the government. Well, the burden of proof on the merits of the case, specifically the forfeitability of property, that is preponderance of the evidence, and that's the burden of the case. And how is that any different from the standard that Judge Zagel applied here that he imposed instead on the claimants? He took his standard that he applied in this case from this court's decision in 574-840 dollars. How did he get that? Legitimacy? He indicated at that point it was their burden by a preponderance to show standing. He then applied a couple of things. He allowed them to have the hearing. He totally disregarded the testimony of the claimant in this case as to his claim of ownership because of the circumstances. He found, to put it politely, that the claimant was lying in his claim. And the claimant opened the door and wanted to proceed with an evidentiary hearing. The court, Judge Zagel, could not ignore that. Additionally, the rule, Rule G6, allows the government to issue special interrogatories. These were issued back in 2011. We had a series of litigations about that and filing a motion to compel. In December of 2012, Judge Zagel called the parties in front of him and said, This is what I have. The merits and the standing are heavily intertwined here. I'm not going to disregard the testimony that the claimant gave. And I found that to be not truthful. Additionally, he has refused to answer the special interrogatories. Judge Zagel called those non-responses. And then based upon that, granted the government's request or motion for summary judgment. The government also had an alternative, which was allowed under Rule 8G, that allows the government to strike the claims when the claimant does not answer the special interrogatories. So there is an alternative affirmance that this court can make. But the judge found that, first of all, the government had presented compelling evidence that the claim of Valdez was not a legitimate claim. Right. And I guess I'm at the risk of repeating myself. Where in our cases is legitimacy tested at standing or in any other circuit? And why doesn't that simply undo Congressman Hyde's innovation, the major reform of the 2000 legislation? The $574,840 case states in, I think, approximately page 563, 564, it talks about the application of Rule G8. And that the government can then seek to strike a claim where that claimant has no and the court uses the word interest three or four times in there. Right. An interest. It doesn't say legitimate interest. Right. But it says an interest. Earlier in the opinion, the court specifically states that under 881A, that an individual does not have an interest in property that are drug proceeds. So that's how you get us to undo the legislation? Judge, I'm not seeking to undo the legislation. You think we did it that way? It was their burden, Judge, to show that they had standing. And as the court earlier had indicated, there's a confusion between this is not Article III standing at this point according to 574,840. It's a claim of whether he has. It's not any kind of standing. It's the merits. The Supreme Court in Lexmark International disapproved any reference to They said any such reference in court of appeals cases or our cases is all wrong. It's just a misnomer for the merits. The whole point of Lexmark was to reject that kind of thinking. But that's exactly how you're trying to argue this case. You're arguing this case in the teeth of the Supreme Court's holding in Lexmark, that standing just is the wrong way to think about this. Well, this is a decision on the merits. Exactly. Exactly. And if it's a decision on the merits, if we get past whether there is a plausible claim, which may well be established just by the fact that Valdez was holding the money when it was seized, then it looks like we're in the world in which the prosecutor, rather than Valdez, has the burden. How do we avoid that? Well, Judge, the statute G-8 and G-8 has set out the procedure that the government may move to strike a claim. Yeah, and so this case would have been a lot cleaner if that had been the only motion the government made, right? I mean, if that was the only motion that you put before the district court, because it's very clear under that rule that there has to be a response, an adequate response. Well, yes, and that's what Judge Zagel found in his ruling, that they have to come forward by a preponderance of the evidence to show that they have the standing. He found that based upon the record before him that they hadn't made out their case of standing in this particular case. As $574, $840 says that this is a decision on the merits. The government is not going to go against that case. Yeah, but I mean, under G-8, it's a motion to strike the claims. That can be brought by summary judgment, by evidentiary hearing, or by judgment on the pleading. And here there was no additional claim or answer filed by the defendant. The evidence before the court was the evidentiary hearing and the claimant's testimony about his source of the money, and his answers to the special interrogatories, where Judge Zagel said he has shown no legitimate source of the funds. I'm not going to believe his story. That based upon that, that's what the judge decided, that they hadn't proved by a preponderance of the evidence, that they hadn't met their burden as required under the statute. Again, as I think the $574, $840 case says, that this is a way to shortcut some of these claims which are fraudulent. And that's what I think, in this case, the judge did in moving to strike the claims. For the reasons stated in our brief, if there's no other questions, we'd ask that the court affirm the decision below. Thank you, Mr. May. Anything further, Mr. Michael? You have something short of a minute. Thanks. I think it's correct that the government is trying to shift the burden from the government's burden to establish the forfeitability of the property, which must precede the claimant's burden to establish their innocent ownership. And Mr. May uses a very creative phrase in his brief. He sort of admits that there's Article III standing, but he says now the claimants must go further and establish this phrase, legitimate ownership interest. Well, legitimate ownership interest is just another way of saying innocent ownership. And that's not a burden on a claimant to establish at this stage of the proceedings. That's a merits determination and the right to a trial. I also want to make one quick point, Your Honor, is that when I looked at whether or not this was a de novo appellate review in this case, I found this case issued by this circuit, Huang v. Continental Gas Company, 7th Circuit, 2014, last year. It says, for de novo review, the court must examine the record and alight most favorable to the non-moving party, construing all reasonable inferences from the evidence in his favor. I think that's the same standard that should have been applied to Judge Zegel in making his determination about standing at the evidentiary hearing. And the other point I want to make is that there's no evidence the government has ever offered in this case that this money is subject to forfeiture. Nothing. Zero. Zip. You know, all they're saying is that there's something suspicious about his behavior when he got off the train and Zegel doesn't believe his testimony. Nothing. The government's never established any link between this property and its forfeitability. Thank you, Your Honor. Appreciate it. Thank you, Counsel. The case is taken under advisement.